Filed 12/18/25  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102905 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE009202) |
| v. | |
| NASIR BROWN, | |
| Defendant and Appellant. | |

Defendant Nasir Brown pled no contest to assault with a firearm and admitted a firearm enhancement.  The trial court sentenced him to 16 years in prison in accordance with his plea agreement.  Defendant appeals, asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with assault with a firearm on multiple unidentified victims, unlawful possession of an assault weapon, two counts of being a felon in possession of a firearm, and carrying a concealed firearm in a vehicle. The information alleged enhancements that defendant was armed with an assault rifle during the assault and used it. The information alleged several aggravating circumstances under California Rules of Court, rule 4.421.

The trial court denied defendant's application for mental health diversion after finding (1) there was no nexus between defendant's mental health or narcotic disorders and the current offenses and (2) that defendant was not suitable for diversion under "the public safety prong."

Defendant pled no contest to the assault and admitted one firearm enhancement in exchange for a term of 16 years in prison. The factual basis for the plea was that defendant, his codefendant, and a juvenile drove to a park with the intent to shoot people. Defendant had an AR-15 style rifle. When the parties arrived at the park, defendant and the juvenile got out of the car. The juvenile fired one round from a pistol at people in the park. Defendant pulled the assault rifle out of his pants leg, lowered the gun, and fired more than five shots in the direction of a group of people, at which point the juvenile and defendant got back into the car and drove away. Defendant hit no one.

Defendant admitted the firearm enhancement as required by the agreement, and the trial court sentenced him accordingly. The trial court awarded defendant 543 days of actual custody credit, plus 542 days of good time/work time credit. It imposed a $300 restitution fine, an equal parole revocation restitution fine (but stayed it), a $40 court operations fee, and a $30 conviction assessment. The trial court dismissed the remaining charges at the prosecutor's request.

Defendant appeals but did not obtain a certificate of probable cause.

2

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


  /s/
ROBIE, J.



We concur:


  /s/
EARL, P. J.


  /s/
MESIWALA, J.

3